**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KYLE ANTHONY BROWN,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNION ALARMTRONIC, LLC, and FRED ROSENFELD, Individually,**<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff KYLE ANTHONY BROWN ("Brown" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants UNION ALARMTRONIC, LLC, ("Defendant" or "Alarmtronic") and FRED ROSENFELD, individually ("Rosenfeld") (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt alarm technician workers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt alarm technician duties for the Defendants in New Jersey and based from Defendants' business located in Roselle, Union County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Alarmtronic, is an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage an Burglar, Fire, and Alarm business, which services the tri state area (see Defendants' website at http://www.unionalarmtronic.com). Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., servicing products for customers throughout the tri state area. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

8. Plaintiff Brown is an adult individual who is a resident of Jackson, Ocean County, New Jersey.

9. Plaintiff Brown was employed by Defendants full time performing alarm system repairs and installations, from in or about 2008, through in or about January, 2018.

**Corporate Defendant**

10. Upon information and belief, the Defendant owns Burglar, Fire, and Alarm company, which is headquartered in Roselle, Union County, New Jersey.

11. Upon information and belief, the Defendant Alarmtronic, services customers throughout the tri state area.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant Alarmtronic, employs individuals to perform labor services on behalf of the Defendants.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Alarmtronic's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Alarmtronic was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Individual Defendant**

15. Upon information and belief, Defendant Fred Rosenfeld is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Rosenfeld has been an owner, partner, officer and/or manager of the Defendant Union Alarmtronic, LLC's, business.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Rosenfeld has had power over personnel decisions at the Defendant Alarmtronic, business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## **FACTS**

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

19. Plaintiff Brown was an hourly employee and his hourly rate of pay was $15.00 per hour.

20. Plaintiff Brown routinely worked five (5) days per week.

21. Plaintiff Brown worked approximately nine (9) hours per day.

22. Therefore, Plaintiff worked approximately forty five (45) hours per week.

23. Plaintiff Brown was rarely paid one and one half times his regular rate of pay for his hours worked over forty (40) in a workweek.

24. Plaintiff was usually only paid for forty (40) hours each week, regardless of the actual number of hours that he worked each workweek.

25. Upon information and belief, employees similarly situated to Plaintiff were also usually only compensated for forty (40) hours per week, regardless of the number of hours that they worked each and every workweek.

26. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

27. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

28. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

29. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

30. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked overtime hours in one or more work periods, on or after September 24, 2015, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

31. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

<b><u>COUNT I</u></b><br><b><u>RECOVERY OF OVERTIME COMPENSATION</u></b><br><b><u>PURSUANT TO THE FLSA</u></b>

32. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 31 above.

33. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

34. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

35. Defendants knowingly and willfully failed to pay Plaintiff and the others similarly situated to him at time and one half of his regular rate of pay for his overtime hours worked in a work period.

36. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

37. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 37 above.

39. Defendants' aforementioned conduct is in violation of the NJWHL.

40. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

41. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff KYLE ANTHONY BROWN, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants UNION ALARMTRONIC, LLC, and FRED ROSENFELD, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: September 24, 2018                    Respectfully submitted,

                                             /s/ Jodi J. Jaffe
                                             Jodi J. Jaffe, Esquire
                                             E-mail: JJaffe@JaffeGlenn.com
                                             New Jersey Bar No.: 022351993
                                             Andrew I. Glenn, Esquire
                                             E-mail: AGlenn@jaffeglenn.com
                                             New Jersey Bar No: 026491992
                                             **JAFFE GLENN LAW GROUP, P.A.**
                                             301 N. Harrison Street, Suite 9F, #306
                                             Princeton, New Jersey 08540
                                             Telephone: (201) 687-9977
                                             Facsimile: (201) 595-0308
                                             *Attorneys for Plaintiff*